1

MAGISTRATE JUDGE KAREN L. STROMBOM

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9   UNITED STATES OF AMERICA,                    )   No. CR13-5598
                                                 )
10              Plaintiff,                        )
                                                 )
11        v.                                      )   DEFENDANT'S TRIAL BRIEF
                                                 )
12   RICARDO M. CHARLES,                          )
                                                 )
13              Defendant.                        )
     _____ )

14          Comes now the defendant, Ricardo Charles, by his attorney, Assistant Federal

15   Public Defender Kyana Givens, and submits the following trial brief for the Court's

16   consideration.

17   **I.    INTRODUCTION**

18          Ricardo Charles is charged in a one count information with operating a motor

19   vehicle while under the influence of alcohol or drugs, in violation of 18 U.S.C. § 7 and 36

20   C.F.R § 4.23.

21          Trial is scheduled to commence on January 13, 2014 at 1:30p.m.

22   **II.   STATEMENT OF FACTS**

23          On July 25, 2013, Mr. Charles and his girlfriend, Violet Snell, were driving home

24   from a joint tribe event in Neah Bay.  It was a warm summer day and they decided to stop

25   at the Olympic National Park Storm King Boat Launch to go swimming.  When they

26   arrived at the boat launch, Ms. Snell pulled her vehicle safely off the road.  They went

down to the lake to swim. Ms. Snell decided not to swim because she was not feeling well. She returned to the vehicle and laid down in the reclined passenger seat and fell asleep. Mr. Charles continued swimming and returned to the vehicle later. He got into the driver's front seat and talked to his girlfriend. Within minutes a Park Ranger approached their vehicle and asked Mr. Charles for his driver's license and registration. The officer will testify he smelled alcohol and could see signs that Mr. Charles was intoxicated. He conducted Standard Field Sobriety Testing and obtained a voluntary breath sample from Mr. Charles using a Portable Breath Tester. Mr. Charles was arrested and taken to Clallam County Jail where two BAC tests were administered. The first BAC test resulted in a .188 reading and the second test resulted in a .183 reading. Eventually Mr. Charles and the vehicle were released to Ms. Snell who drove them home.

## III.   ELEMENTS OF THE ALLEGED OFFENSE

There are three elements of operating a motor vehicle while under the influence of alcohol or drugs in violation of 36 C.F.R. sec. 4.23. They are (1) that the defendant drove a motor vehicle; (2) that the defendant either had .08 grams or more of alcohol per 210 liters of breath or was under the influence of or affected by alcohol; and (3) that the acts occurred in a federal enclave, in this case, Olympic National Park, Washington.

### A.   Physical Control of a Vehicle While Under the Influence.

The citation and DUI arrest report cite Mr. Charles for violating RCW 46.61.502 or RCW 46.61.504. The statute which criminalizes being in physical control of a motor vehicle while under the influence of alcohol is RCW 46.61.504. That statute makes it a crime for a person to "ha[ve] actual physical control of a vehicle" and either: (a) have an alcohol concentration of .08 or higher within two hours after being in actual physical control of the vehicle, (b) be "under the influence of or affected by intoxicating liquor or any drug," or (c) be "under the combined influence of or affected by intoxicating liquor

DEFENDANT'S TRIAL BRIEF - 2
(*Ricardo Charles*, CR13-5598)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1
2
and any drug." RCW 46.61.504.  The statute parallels the driving under the influence statute for individuals who are in physical control of a vehicle but not driving.

3
4
5
6
7
8
9
10
Subsection (2) of the physical control statute creates an exception, presumably to encourage drunk drivers to pull over if they start feeling intoxicated.  That subsection states, in pertinent part:  "No person may be convicted under this section if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway."  "Safely off the roadway" is not defined in the statute but has been found to be satisfied when a car was pulled three feet off the road on the shoulder, was not a hazard to traffic, and presented no safety issue other than having the engine running, *see State v. Reid*, 988 P.2d 1038, 1041-42 (Wash. App. 1999).

11
12
13
14
15
16
17
The Washington courts have held that this is an affirmative defense, so that "[i]t is up to the defendant . . . to present the evidence which will exculpate him." *McGuire v. City of Seattle*, 642 P.2d 765, 769 (Wash. App. 1982).  The courts have held that this is only an "initial burden," however, so that, once the defendant produces evidence, "the burden falls upon the State to rebut that evidence." *State v. Reid*, 988 P.2d at 1045.  Thus, there is a burden of <u>production</u> on the defendant, but then a burden of <u>persuasion</u> on the prosecution.

18
19
In this case, Mr. Charles intends to raise the affirmative defense that the vehicle was safely off the road <u>prior</u> to being pursued by a law enforcement officer.

20
**IV.   EVIDENTIARY AND DISCOVERY ISSUES**

21
22
    **A.   Admissibility of Department of Transportation Manuals and/or Studies.**

23
24
25
26
Depending on what, if any, testimony the officer offers about Mr. Charles' performance on the Field Sobriety Tests, the defense may impeach him and/or rebut his testimony with Department of Transportation studies and/or manuals regarding such

DEFENDANT'S TRIAL BRIEF - 3
(*Ricardo Charles*, CR13-5598)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

testing.  Such manuals and studies are admissible in evidence as party admissions by the

government.  See United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989)

**B.      Rule 404(b) Evidence.**

The defense requests notice of any evidence the government might seek to offer

under Rule 404(b) of the Federal Rules of Evidence.  Such notice is required by Rule

404(b), and failure to give notice when notice is requested precludes the government

from offering such evidence at trial.  *See United States v. Vega*, 188 F.3d 1150, 1154-55

(9th Cir. 1999).

At the time of filing this brief, the government has not given notice of any Rule

404(b) evidence here.  It should be precluded from giving any at this late date.  All Rule

404(b) evidence should be excluded, including evidence of any other driving under the

influence charge associated with Mr. Charles.

**C.      Exclusion of Witnesses.**

The defense respectfully requests exclusion of all witnesses in the case, pursuant

to Rule 615 of the Federal Rules of Evidence.

**D.      Objections to Documentary Evidence.**

Mr. Charles notes objections to the introduction of a number of items the

government may attempt to introduce at trial.

1.      Mr. Charles objects to the introduction of the citations, the police

reports and the WACIC check results as hearsay.  Fed. R. Evid. 801.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

2.      Mr. Charles also objects to the introduction into evidence of the citations and the WACIC results on the grounds of relevancy, pursuant to Fed. R. Evid. 401.

### E.      Motion to Exclude Opinion Testimony Regarding Level of Intoxication.

Mr. Charles moves to exclude opinion testimony from any witnesses regarding his degree of intoxication on the grounds that such opinion testimony is precluded by Fed. R. Evid. 704(b).  Opinion testimony on Mr. Charles' degree of intoxication would state "an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged…Such ultimate issues are matters for the trier of fact alone."  Fed. R. Evid. 704(b).

On the Washington State Patrol DUI Arrest Report it was the officer's opinion that Mr. Charles had an "obvious" impairment due to the use of alcohol.  The defense expects the arresting officer(s) to attempt to testify to the same conclusions.  Impairment due to alcohol is an element of the offense of driving under the influence of alcohol, with which Mr. Charles is charged.  36 C.F.R. § 4.23.  Thus, under Fed. R. Evid. 704(b), the degree of intoxication is for the jury alone to determine.  Fed. R. Evid. 704(b); *United States v. Lewis*, 837 F.2d 415 (9th Cir. 1988), *cert. denied* 488 U.S. 923, 109 S.Ct. 304, *reh'g denied* 488 U.S. 987, 109 S.Ct. 544; *United States v. Juvenile Male*, 864 F.2d 641 (9th Cir. 1988).  Testimony by witnesses containing conclusions regarding the degree to which Mr. Charles was or was not intoxicated must be excluded.

DEFENDANT'S TRIAL BRIEF - 5
(*Ricardo Charles*, CR13-5598)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**F.      Motion to Exclude BAC Results Unless Related to Time of Driving.**

Mr. Charles moves this Court to exclude the results of the BAC Verifier Datamaster test performed on him unless the government can demonstrate that the result accurately reflects the level of alcohol in Mr. Charles' blood at the time of driving. Unless the government can establish that the results of the breath-alcohol test performed on Mr. Charles accurately reflect the level of alcohol at the time of driving, the results are irrelevant, and thus inadmissible.  Fed. R. Evid. 401 and 402.  Alternatively, any probative value of such a result, absent evidence that it reflects Mr. Charles' breath-alcohol level at the time of driving is substantially outweighed by prejudice. Fed. R. Evid. 403.

**G.      Motion to Exclude Reference to BAC Results Until Properly Admitted.**

Mr. Charles moves pursuant to Fed. R. Evid. 402, 403 and 704(b) to exclude reference to the results of the BAC Verifier Datamaster test performed on him until the test result has been properly admitted into evidence.

DATED this 6th day of January, 2014.

Respectfully submitted,

s/ *Kyana Givens*
Assistant Federal Public Defender
Attorney for Ricardo Charles
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Phone: (206) 553-1100
Fax: (206) 553-0120
Kyana_Givens@fd.org

DEFENDANT'S TRIAL BRIEF - 6
(*Ricardo Charles*, CR13-5598)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on January 6, 2014, I electronically filed the foregoing

3 document with the Clerk of the Court using the CM/ECF system, which will send

4 notification of filing to Assistant United States Attorney Barbara Sievers.

5

6                                        s/ *Carolynn Calder*
                                         Paralegal
7                                        Federal Public Defender's Office
                                         1601 Fifth Avenue, Suite 700
8                                        Seattle, WA 98101
                                         Phone: (206) 553-1100
9                                        Fax: (206) 553-0120
10                                       Carolynn_Calder@fd.org

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26